IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER THOMAS ALLEN,**

      **Plaintiff,**

v.                                                Civil Action No. 3:22cv777

**CAPTAIN LANGLEY,** *et al.*,

      **Defendants.**

## MEMORANDUM OPINION

Christopher Thomas Allen, a former Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] Proceeding on his Amended Complaint (the "Complaint"), (ECF No. 5), Allen names Captain Langley, Sergeant Williams, Sergeant Fotias, and Sergeant Plutro of the Riverside Regional Jail (the "RRJ") as Defendants. Allen contends that these individuals violated his United States Constitution Eighth Amendment[2] rights by failing to provide him with adequate footwear. (ECF No. 5, at 5–6.)[3] Specifically, Allen alleges that:

> Claim One: "[Sergeant] Fotias denied . . .Allen the minimal civilized measure of life's necessities (shoes or any form of protection for [his] feet). [Sergeant]

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization, and omits any emphasis and symbols in the quotations from the parties' submissions.

|  |  |
|---|---|
| | Fotias knew and disregarded the risk to [Allen's] physical health, [and] the deprivation of basic human needs violates contemporary notions of decency." (ECF No. 5, at 5.) |
| Claim Two: | "[Sergeant] Williams denied . . .Allen the minimal civilized measure of life's basic necessities (shoes or any form of protection for [his] feet). [Sergeant Williams] knew and disregarded the risk to [Allen's] physical health, [and] the deprivation of basic human needs violates contemporary notions of decency." (ECF No. 5, at 5.) |
| Claim Three: | "[Sergeant] Plutro denied . . .Allen the minimal civilized measure of life's necessities (shoes or any form of protection for [his] feet). [Sergeant] Plutro knew and disregarded the risk to [Allen's] physical health, [and] the deprivation of basic human needs violates contemporary notions of decency." (ECF No. 5, at 6.) |
| Claim Four: | "[Captain] Langley denied . . .Allen the minimal civilized measure of life's basic necessities (shoes or any form of protection for [his] feet). [Captain] Langley knew and disregarded the risk to [Allen's] physical health, [and] the deprivation of basic human needs violates contemporary notions of decency." (ECF No. 5, at 6.) |

By Memorandum Order entered on May 11, 2022, the Court dismissed Allen's claim against Sergeant Williams without prejudice because Allen failed to timely serve Sergeant Williams with process. (ECF No. 75, at 2.) Accordingly, at this juncture, only Claims One, Three, and Four remain against Defendants Fotias, Plutro, and Langley (collectively referred to as "Defendants").

Defendants have filed a Motion for Summary Judgment and accompanying *Roseboro* notice.[4] (ECF No. 79.) Allen has filed a response. (ECF No. 81.) The Motion for Summary Judgment, (ECF No. 79), will be GRANTED, and the action will be DISMISSED.

## I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

[4] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). A mere "*scintilla* of evidence," however, will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448).

### Evaluation of the Record Allen Submits

In support of their Motion for Summary Judgment, Defendants submitted an affidavit from Charlene R. Jones, a Lieutenant at the RRJ, (ECF No. 80-1), as well as various records and documents that the Court will refer to by their respective CM/ECF designations, as necessary. In response, Allen submitted his own sworn statement, (ECF No. 81), the sworn statement of Evan

3

Capps, another inmate at RRJ, (ECF No. 81-4), as well as several other records and documents that the Court will refer to by their respective CM/ECF designations, as necessary.

At this juncture, the Court is tasked with assessing whether Allen "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). The facts offered by an affidavit or sworn declaration must be in the form of admissible evidence. *See* Fed. R. Civ. P. 56(c)(4). In this regard, the sworn statement "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Therefore, "summary judgment affidavits cannot be conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citations omitted).

### **Exhibit 5**

Defendants have objected to the admissibility of Allen's "Exhibit 5," on the grounds that it is "unauthenticated hearsay without an exception," and that it is "lacking a foundation to show that the excerpted exhibit is relevant." (ECF No. 82, at 4.) Allen has failed to respond to the objection.

In his "Exhibit 5," Allen attaches a one-page excerpt from what he describes as "Virginia public safety operation procedure 861.1," which he maintains states "prison rules." (ECF No. 81-5, at 1.) Allen has failed to adequately describe the provenance of this document, which appears to have possibly been taken from a Virginia Department of Corrections "Inmate Orientation/Building Rules and Regulations Manual." (ECF No. 81-5, at 2 (bearing what appears to be the state seal of Virginia in the upper left corner).)

4

The RRJ is, of course, a regional jail facility, not a state prison, and Allen has failed to cite to any authority indicating that the RRJ is bound to follow any state "prison rules." Because Allen has failed to lay any sort of foundation for the admissibility of this partial document, much less show that it is relevant to the issue at hand, or that it falls within a recognized exception to the hearsay rule, he has failed to demonstrate that the document is admissible as evidence. *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (citation omitted) ("It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment."); *Campbell v. Verizon Va., Inc.*, 812 F. Supp. 2d 748, 750 (E.D. Va. 2011) (quoting *Orsi*, 999 F.2d at 92) ("For documents to be considered, they 'must be authenticated by and attached to an affidavit' that meets the strictures of Rule 56."). Accordingly, Defendants' objection to Allen's "Exhibit 5" will be SUSTAINED, and this excerpted document will not be considered part of the summary judgment record.

### Exhibit 2

Similarly, Defendants have objected to the admissibility of Allen's "Exhibit 2," on the grounds that it contains "hearsay without an exception." (ECF No. 82, at 3.) This document appears to contain the out-of-court statements of an individual named Captain Mack, who is not a party to this litigation. (ECF No. 81-2.) Here again, Allen has failed to respond to Defendants' objection, much less demonstrate that this document falls within a recognized exception to the hearsay rule. *See Orsi*, 999 F.2d at 92; *Campbell*, 812 F. Supp. 2d at 750. Accordingly, Defendants' objection to Allen's "Exhibit 2" will be SUSTAINED, and the Court will not consider this document as part of the summary judgment record.

### Additional Allegations

Finally, the Court notes that Allen included several factual allegations in his unverified Complaint that he did not include in his sworn statement. For example, in his Complaint, Allen alleges that following his injury, an individual named Lieutenant Massenburg provided him with "a pair of size 8 shoes." (*See* ECF No. 5, at 10.) Because Allen failed to swear to the contents of his Complaint under penalty of perjury, and because he did not specifically include this allegation in his sworn statement, the Court may not consider this unverified allegation in resolving the issue of summary judgment, as it does not constitute admissible evidence. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004).

In light of the foregoing submissions and principles, the following facts are established for purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of Allen.

### II. Undisputed Facts

Allen was confined at the RRJ beginning on or about October 9, 2018. (ECF No. 80-1 ¶ 4.) At that time, he was issued a uniform and footwear. (ECF No. 80-1 ¶ 6.) The RRJ policy specifies that inmates receive "closed-toe, canvas footwear for daily use." (ECF No. 80-1 ¶ 5.) The RRJ policy further states that when an inmate's "initial footwear has worn thin . . . an appropriate exchange of the inmate's old footwear will be scheduled consistent with the availability of replacement footwear in the inmate's size." (ECF No. 80-1 ¶ 7.)

Between March 2020, and August 2020, Allen requested that new "shoes or boots" in a size between "sizes 7, 8, and 9" be issued to him "eight times through [RRJ's] facility kiosk," because his initial footwear had "worn." (ECF No. 81 ¶¶ 5, 6.) Allen also made additional verbal requests for shoes to Defendants Plutro, Fotias, and Langley. (ECF No. 81 ¶ 6.) At the

time of Allen's various requests, the RRJ did not have shoes available in the sizes Allen requested. (ECF No. 80-1 ¶ 9.) Consequently, Allen "remained in possession of the shoes that had previously been issued to him." (ECF No. 80-1 ¶ 10.)

Allen "participated in [the RRJ's] workforce program[] to earn Good Conduct Credits." (ECF No. 81 ¶ 8.) The RRJ has established "minimum equipment" requirements for inmates working in "hazardous programs," such as laundry workers, who handle hazardous materials. (ECF No. 80-1 ¶ 12.) However, there is "no specific designated footwear required for work in the canteen at RRJ." (ECF No. 80-1 ¶ 13.)

"On September 10, 2020 after requesting shoes or boots from [Defendants], Allen was instructed to go to [his] work detail wear[ing] shower slides on his feet." (ECF No. 81 ¶ 9.) Before instructing Allen to go to work, "[Sergeant] Plutro [made] a phone call and inform[ed] . . . Allen . . . that [the] facility does not have shoes and canteen workers don't get work boots." (ECF No. 81-4, at 2.) Later that morning, while working at his work detail, "Allen's toenail was ripped off by a canteen cart weighing about 500 pounds." (ECF No. 81 ¶ 10.)[5] Allen was subsequently "diagnosed with neuralgia and neuritis due to [his] toe injury." (ECF No. 81 ¶ 11.)

### III. Analysis

The Court begins its analysis by identifying the precise constitutional or statutory violation that the defendant allegedly committed. *Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)). In his Complaint, Allen indicates that during the relevant timeframe he was a "[c]onvicted and sentenced state prisoner." (*See* ECF No. 5, at 7.) Accordingly, Allen's claims are properly analyzed under the Eighth

---

[5] Evan Capps, a co-worker whose statement Allen submitted into evidence, indicates that Allen was injured by "jamming his toe into the wheel of th[e] canteen cart." (ECF No. 81-4, at 3.) Capps's statement is consistent with Allen's unsworn allegation in his Complaint that he "accidentally jammed [his] left big toe into the wheel of [the] cart." (ECF No. 5, at 8.)

Amendment. *See Westmoreland v. Brown*, 883 F. Supp. 67, 71–72 (E.D. Va. 1995) (observing that claims raised by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment whereas claims raised by sentenced inmates are analyzed under the Eighth Amendment).

To survive summary judgment on an Eighth Amendment claim, an inmate must demonstrate that "the prison official acted with a sufficiently culpable state of mind (subjective component) and . . . the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991)). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.'" *Williams*, 77 F.3d at 761 (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

When an inmate challenges his conditions of confinement, he must show "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (internal citation omitted) (citing *Wilson*, 501 U.S. at 301–03). Under the objective prong for an Eighth Amendment claim challenging the conditions of his or her confinement, the inmate must demonstrate that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson*,

8

503 U.S. at 9). The resulting harm to the inmate is particularly pertinent in assessing whether a distasteful condition was sufficiently extreme to constitute an unconstitutional infliction of punishment. *See id.* at 1381. Thus, "[i]f a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment." *Id.*

The subjective prong of a deliberate indifference claim requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his or her person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837; *Rich v. Bruce*, 129 F.3d 336, 340 (4th Cir. 1997)). Thus, to survive a motion for summary judgment, the deliberate indifference standard requires a plaintiff to demonstrate that "the official in question subjectively recognized a substantial risk of harm" and "that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

### A. Lack of Detail Concerning Allen's Work Duties

As an initial matter, Allen does not describe, in his unverified Complaint or his sworn declaration, exactly what duties he personally performed on his work detail. Further, Allen has not alleged, much less demonstrated, that either he, or similarly situated workers, have had a history of accidents or injuries while working in that capacity.

Rather, Allen tersely concludes that because he was "on [the] workforce," it "makes [the] matter[] 'sufficiently serious.'" (ECF No. 5, at 8.) Conclusory statements of this ilk are simply insufficient as a matter of law to create a triable issue of fact. *See United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (internal quotation marks omitted) (citations omitted) ("[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment"). Consequently, Allen has failed to demonstrate through admissible evidence that any duties that he may have personally performed on his work detail were inherently dangerous.

More importantly, because Allen has failed to adequately describe what work duties he actually performed, he has simultaneously failed to demonstrate that any Defendants had any actual knowledge that Allen's work detail might pose a danger to him. While Allen alleges generally that he told Defendants his shoes were worn, he does not specifically state that he told any Defendants that his work detail presented any unique hazards to him, nor does he cite to any statements made by any of Defendants acknowledging that such a hazard existed.

At bottom, Allen has not demonstrated, through admissible evidence, that any of Defendants knew what his work duties were on the date in question. Consequently, Allen has failed to demonstrate that Defendants were aware of a "substantial risk of harm" to Allen, much less that they recognized that their actions were "inappropriate in light of that risk." *Parrish*, 372 F.3d at 303 (quoting *Rich*, 129 F.3d at 340 n.2).

10

While the Court could envision a scenario where a jail or prison work detail could be hazardous, *cf. Rhodes v. Michigan*, 10 F.4th 665, 673–79 (6th Cir. 2021) (concluding that triable issue of fact existed where a prison official lowered a 400–pound laundry cart onto an inmate without confirming that the inmate had secured the cart), in this instance, Allen's vague and conclusory assertions would require the Court to engage in speculation and conjecture to reach that conclusion, as discussed below.

### B. Claim One

In Claim One, Allen alleges that Sergeant Fotias violated his Eighth Amendment rights by denying him adequate footwear. (ECF No. 5, at 5.) In his unverified Complaint, Allen alleges that he requested new footwear from Sergeant Fotias on March 29, 2020, April 6, 2020, April 10, 2020, August 4, 2020, and August 13, 2020. (ECF No. 5, at 8.) However, because these allegations were not sworn to under the penalty of perjury, they do not constitute admissible evidence. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004).

In his sworn statement, Allen avers only that he verbally requested new footwear from Sergeant Fotias on some unspecified date or dates. (ECF No. 81 ¶ 9.) Further, Allen has failed to demonstrate that he interacted with Sergeant Fotias on the date of the alleged incident. (ECF No. 81-4, at 2–3 (indicating only that Allen spoke with Sergeant Plutro and Captain Langley on the date in question).)[6] Consequently, on this record, Allen has failed to demonstrate that, on the date in question, Sergeant Fotias had any reason to believe that Allen was reporting for his work detail without adequate footwear, much less that he faced any significant risk of injury. As such, even if Allen could generally establish that his work detail presented some risk to his health,

---

[6] This is consistent with Allen's unverified allegations in his Complaint, in which he alleges only that he spoke to Sergeant Plutro and Captain Langley on the date in question. (ECF No. 5, at 8–10.)

11

which he has failed to do on this record, Allen has nevertheless failed to demonstrate that Sergeant Fotias "subjectively recognized a substantial risk of harm," much less "that his actions were 'inappropriate in light of that risk.'" *Parrish*, 372 F.3d at 303 (quoting *Rich*, 129 F.3d at 340 n.2). Accordingly, Claim One will be DISMISSED.

### C. Claim Three

In Claim Three, Allen alleges that Sergeant Plutro violated his Eighth Amendment rights by denying him adequate footwear. (ECF No. 5, at 6.) Unlike Sergeant Fotias, it appears that Allen did speak with Sergeant Plutro on the day in question about the footwear he was wearing. (ECF No. 81-4, at 2.) As with Sergeant Fotias, however, Allen has still failed to demonstrate through admissible evidence that Sergeant Plutro had any reason to believe that Allen's work detail presented any significant risk of harm to Allen, as discussed above.

Moreover, Sergeant Plutro did not stand indifferent to Allen's statements. Upon hearing Allen's concerns on the date in question, Sergeant Plutro made a phone call and determined that the facility did not have replacement shoes available at that time. (ECF No. 81-4, at 2.) After making this call, Sergeant Plutro also relayed to Allen that canteen workers are not provided with boots. (ECF No. 81-4, at 2.) Given that this statement accurately reflects the RRJ's policy that "[t]here is no specific designated footwear required for work in the canteen," (ECF No. 80-1 ¶ 13), and that Allen has otherwise failed to demonstrate that his work detail placed him in any significant risk of injury, as discussed above, Allen has failed to demonstrate that Sergeant Plutro acted unreasonably under the circumstances. As such, Sergeant Plutro is shielded from liability. Accordingly, Claim Three will be DISMISSED.

### D. Claim Four

In Claim Four, Allen alleges that Captain Langley violated his Eighth Amendment rights by failing to provide him with adequate footwear. (ECF No. 5, at 6.) Allen's states that Captain Langley, like Sergeant Plutro, spoke with Allen about his concerns regarding his footwear on the date in question. (ECF No. 81-4, at 2.) However, unlike Sergeant Plutro, it does not appear that Captain Langley took any action to address Allen's concerns prior to directing him to report to his work detail. (ECF No. 81-4, at 2.)

Notwithstanding this fact, Claim Four still falters because, as discussed above, Allen has failed to demonstrate that his work assignment presented any substantial risk of harm to Allen. Consequently, he has also failed to demonstrate Captain Langley "subjectively recognized a substantial risk of harm" to Allen. *Parrish*, 372 F.3d at 303 (quoting *Rich*, 129 F.3d at 340 n.2).[7] Accordingly, Claim Four will be DISMISSED.[8]

### E. Allen's Demand for Injunctive Relief

Finally, the Court must address Allen's demand for injunctive relief. Specifically, Allen requests that he be transferred to a state prison and be classified as a state prisoner because he fears for his physical and mental health at the RRJ. (ECF No. 5, at 15.) Allen was released from

---

[7] Even if the Court were to assume that one or more of Defendants "were somehow negligent in their responses to [Allen's request for new footwear], mere negligence is not actionable under § 1983." *See Marron v. Bassett*, No. Civ. A. 7:06-CV-00695, 2006 WL 3474569, at *2 (W.D. Va. Nov. 30, 2006) (dismissing Eighth Amendment claim based on failure to issue specific footwear to an inmate).

[8] Defendants also argue that Allen failed to state a claim because his participation in the work program was voluntary, and, if he believed it was too dangerous, he could have simply opted out. (ECF No. 80, at 7.) That argument is dubious. *See Rhodes*, 10 F.4th at 676–77 (rejecting argument that plaintiff was precluded from bringing an Eighth Amendment claim because she volunteered for the work assignment). And, because Allen does not demonstrate that Defendants were aware of and ignored a substantial risk to Allen's safety, the Court need not address this issue any further.

the RRJ on May 16, 2021. (ECF No. 80-1 ¶ 15.) "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 1991) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams*, 952 F.2d at 823; *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). Thus, Allen's request for injunctive relief is moot. Accordingly, Allen's request for injunctive relief will be DENIED.

## IV. Conclusion

Defendants' objections to Allen's Exhibits 2 and 5, (ECF No. 82, at 3, 4), will be SUSTAINED. Defendants' Motion for Summary Judgment, (ECF No. 79), will be GRANTED. Allen's request for injunctive relief, (ECF No. 5, at 15), will be DENIED. Claims One, Three, and Four and the action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 3-21-2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge